R. Fretwell & Sons, Inc. v. Commissioner.
R. Fretwell & Sons v. Commissioner
Docket No. 110511.
United States Tax Court
1943 Tax Ct. Memo LEXIS 368; 1 T.C.M. (CCH) 862; T.C.M. (RIA) 43162; April 8, 1943
*368 A note, representing a bonus, executed by petitioner and delivered in the tax year to its president (who owned sixty per cent of its stock), which was not included in the latter's gross income for the tax year and which remained unpaid two and one-half months after the close of the tax year, held, nondeductible, Sec. 24(c), Internal Revenue Code; held, further, amounts withdrawn by the president and charged to his general account during the two and one-half months following the close of the tax year did not constitute partial payments of the note. J. Alex Neeley, Jr., Esq., Anderson, S. C., for the petitioner. J. Marvin Kelley, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding is to test the correctness of respondent's determination of deficiencies in income and excess profits taxes for the year 1939 in the respective amounts of $369.24 and $164.28. Concessions were made by both parties at the time of the trial, leaving only the question of the deductibility of a bonus of $1,250 voted to R. Fretwell, Sr., which was evidenced by a note in that sum that remained unpaid at the close of the taxable year. Findings of Fact The petitioner is a *369 South Carolina corporation engaged in the retail furniture business, with its principal place of business at Anderson, South Carolina. R. Fretwell, Sr. during the taxable year was president of petitioner. It is and has been his custom to draw from the business whatever money he needs. Amounts withdrawn are entered on an account in petitioner's books entitled "Proprietor." There is no regular amount which he withdraws. The amount of his salary is fixed at the close of each year. On December 15, 1939 petitioner executed a note for $1,250 to Fretwell covering a bonus or additional salary for the calendar year 1939. The note, according to its terms, was payable one day after date. From January 1, 1940 to March 15, 1940, Fretwell withdrew from the business money that he needed, in the amount of $802.22, which was charged to his account. There have been no credits recorded on the note and it has not been paid. Fretwell did not include in his individual income tax return for the year 1939 the $1,250 represented by the note. He reported in his individual return for the year 1940 the entire amounts withdrawn by him during 1940. Petitioner is on the accrual basis of accounting. During *370 the time in question Fretwell owned sixty per cent of the capital stock of petitioner and the remainder was owned by members of his family. Opinion ARUNDELL, Judge: On December 15, 1939, petitioner executed to R. Fretwell, Sr., its president and principal stockholder, a note for $1,250, representing additional salary or bonus. The note was not paid within two and one-half months after the close of the taxable year, and according to the testimony it has not yet been paid. Moreover, Fretwell did not include the amount of the note as income in his tax return for 1939. It seems clear that Section 24 (c) of the Internal Revenue Code[1] forbids the deduction by petitioner of the amount of the note in these circumstances. Celina Mfg. Co., 47 B.T.A. 967. *371 The testimony offers no factual support for the alternative argument of petitioner's counsel that the $820.00 withdrawn by Fretwell during the first two and one-half months of 1940 constituted a curtailment of the note to that extent. The withdrawals were entered on the account maintained for Fretwell, and this account customarily represented compensation withdrawn by him presumably for current services rendered. No payments were recorded on the note. In these circumstances we see no scope for involving the legal principal that, if the parties do not designate what debt a particular payment is to be applied against, the law will apply it against the oldest indebtedness. Decision will be entered under Rule 50. Footnotes
1. SEC. 24. ITEMS NOT DEDUCTIBLE. * * * * *
(c) Unpaid Expenses and Interest. - In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued - (1) If such expenses or interest are not paid within the taxable year or within two and one half months after the close thereof; and (2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and (3) If, at the close of the taxable year of the taxpayer or at any time within two and one half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b)↩.